**In the Matter of GRAND JURY (OO–2H).**

**No. 1:MI:00–114.**

United States District Court, M.D. Pennsylvania.

May 6, 2002.

Kim D. Daniels, United States Attorney's Office, Middle District of Pennsylvania, Harrisburg, PA, for Government.

## MEMORANDUM AND ORDER

RAMBO, District Judge.

Currently before the court is the Government's new motion for production of documents filed against "Attorney." [1] The parties have briefed the issues, and the matter is ripe for disposition.

---

1. Because the matter is under seal, the court will use generic terms to describe the parties. The original memorandum and order, dated May 6, 2002, contain the true names of the parties. This document has been produced solely for the purpose of publication.

## I. *Background*

As part of its ongoing grand jury investigation of "Corporation," the Government originally subpoenaed Attorney to appear before the Grand Jury on August 15, 2001. At that hearing, however, Attorney refused to answer any questions concerning conversations he had with former Corporation "Vice President" about litigation involving former Corporation "Employee," who had sued Corporation, "Non–Target Corporation," and former Corporation "CEO." That suit alleged breach of contract and defamation of character. Attorney represented all three defendants. During his original grand jury testimony, Attorney explained that he would not answer the Government's questions because he believed that the matters fell within the joint defense attorney-client privilege.

On August 21, 2001, the Government filed an *ex parte* motion to compel production of certain documents, in Attorney's possession, pertaining to the Employee Litigation and an antitrust matter involving Corporation and seventeen other drug distributors against a prominent pharmaceutical manufacturer ("the Brand Name Litigation"). By an order dated November 30, 2001, the court granted the Government's motion in part and denied it in part. Specifically relevant to the present motion, the Government sought access to eight pages of notes (Bates nos. 000060–67) taken by Attorney's "Associate," during a March 1, 1999 interview of Employee. As part of the Employee Litigation settlement, Employee agreed to be interviewed concerning allegations that he made during the course of the litigation. The court, however, denied the Govern-

ment's motion to compel the notes. The court held that the attorney work product doctrine prohibited the production of the documents absent a showing of need, which the Government failed to demonstrate. *In re Grand Jury,* No. 1:MI:00–114 (00–2H) (Under Seal), slip. op. at 6–9.

Attorney then filed a motion for reconsideration of the portion of the court's order compelling him to produce certain documents and provide certain statements. In its response to that motion, the Government asserted a motion for reconsideration of that portion of the November 30, 2001 order denying access to Associate's notes. The court, however, held that the Government's motion was on an improper procedural footing, and, therefore refused to entertain it.

■ On April 4, 2002, the Government filed the present "new" motion to compel Attorney to produce Associate's notes. In this motion, the Government alleges that newly discovered evidence indicates that the crime-fraud exception to the attorney work product privilege applies to the notes. To support its contention, the Government also filed an *ex parte* affidavit. The court subsequently ordered Attorney to produce the notes at issue to the court for *in camera* review. The court also permitted CEO to file a brief in opposition to the Government's new motion.[2] The documents in question have been produced, and the court has spent a considerable amount of time reviewing them.

## II. *DISCUSSION*

■ The doctrine of attorney work product immunity "shelters the mental processes of the attorney, providing a priv-

---

**2.** The court also conducted several brief *ex parte* communications with the Government. Although *ex parte* communications are generally frowned upon, they are permitted in the context of a grand jury proceeding. *See, e.g.,*

*In re Grand Jury Proceedings Impounded,* 241 F.3d 308, 318 n. 9 (3d Cir.2001) (holding that the need for secrecy in the grand jury context justifies the use of *ex parte* materials).

ileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). "The privilege thus promotes the adversarial system by protecting the confidential nature of materials prepared by attorneys in anticipation of litigation and 'enabl[es] attorneys to prepare cases without fear that their work product will be used against their clients.'" *In re Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir.1998) (quoting *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir.1991)). This protection also extends to materials prepared by an attorney's agent if the attorney directed the agent to prepare the materials, and the materials were prepared in anticipation of litigation. *See Nobles*, 422 U.S. at 238–39, 95 S.Ct. 2160; *see also Kelly v. Ford Motor Co. (In re Ford Motor Co.)*, 110 F.3d 954, 967 (3d Cir.1997).

■ Because evidentiary privileges contravene "the fundamental principal that the public has a right to every man's evidence," the court construes privileges within the narrowest possible grounds which are consistent with the privileges' purpose. *University of Pennsylvania v. EEOC*, 493 U.S. 182, 189, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) (citations omitted). It follows that "the work product privilege is a qualified one that can be overcome by a showing of good cause." *In re Grand Jury Investigation (Sun Co.)*, 599 F.2d 1224, 1231 (3d Cir.1979).

■ This court has previously held that the documents in question fell within the ambit of work product protection, and the Government failed to provide a sufficient justification for their production. *See In re Grand Jury*, No. 1:MI:00–114 (00–2H) (Under Seal), slip. op. at 9. The Government's new motion to compel production asserts that newly discovered evidence, unavailable at the time the Government made its initial motion, establishes that the crime-fraud exception now justifies production. The Third Circuit has long held that the crime-fraud exception is a legitimate ground for denying attorney work product protection. *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 803 (3d Cir.1979) ("We have no doubt that the crime-fraud exception comes within 'good cause' to deny applicability of the work product doctrine.").[3]

■ A party seeking to compel production under the crime-fraud exception bears the burden of proving a prima facie case of a crime or fraud. *In re Grand Jury Proceedings Impounded*, 241 F.3d at 317. A prima facie case is proved when the party seeking production presents evidence, which if uncontradicted, could support a reasonable finding that a crime or fraud has occurred. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 95–96 (3d Cir. 1992). The party seeking production must also prove that the work product bore some relationship to the crime. *See In re*

---

**3.** Attorney argues that the Government's motion is tantamount to a motion for re-reconsideration. Therefore, the court should not entertain it because it is both untimely and on an improper procedural footing. The Government, however, has filed a new motion based on newly discovered evidence. Although the new motion seeks documents that the Government sought in its previous motion, Attorney points to no authority that would prevent the Government from doing this. To the extent that Attorney seeks to import the strict newly discovered evidence standard from other procedural contexts to the present situation, the court is satisfied that the Government has met its burden. The *ex parte* affidavit indicates that the Government did not have the ability to know that the crime-fraud exception may have applied to these documents when it filed its original motion.

*Sealed Case,* 223 F.3d 775, 779 (C.A.D.C. 2000) (holding that the work product itself must have been used "to facilitate or to conceal criminal activity"); *see also In re Sealed Case,* 676 F.2d 793, 814–15 (D.C.Cir.1982). Additionally, the crime must have been committed after the work product was generated, or the work product must have generated as part of an ongoing criminal endeavor. *In re Grand Jury Proceedings (FMC Corp.),* 604 F.2d at 803 ("If ... the crime was a continuing one, or one that occurred after the firm was consulted, then the prima facie showing made by the government would suffice to allow inspection by the grand jury."). To the extent Attorney argues that a client's crime cannot pierce the attorney's privilege, the cases he cites are immaterial to the issue at hand.

Because Associate's notes, along with the information provided in the Government's *ex parte* affidavit, establish a prima facie case that a crime has been committed, the court will order their production. The notes are related to the criminal activity that the Government alleges. In fact, they are the lone documents which are probative of this issue. Finally, the documents relate to an ongoing or future crime. All of these factors demonstrate that the crime-fraud exception applies. The court is fully aware that its factual descriptions are vague. The court has purposefully provided a bare bones description in order to prevent disclosure of the facts contained in the documents should Attorney decide to eventually appeal this matter.

Additionally, many matters discussed in the notes do not relate to the criminal or fraudulent exercise. In an effort to make the least intrusive finding, the court will only order the production of Bates Nos. 000063–67. Finally, in its motion, the Government makes a passing reference to cer-

tain notes prepared for the Employee meeting. (Bates Nos. 000068–71). Either "Vice President" or "Third Party Law Firm" authored these notes. Yet, the Government presents no argument, in either its motion or the affidavit, which would justify production of these notes. For this reason, the court will not grant the Government's request for production of these documents.

### III. *ORDER*

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT** the Government's new motion for production of documents is **GRANTED IN PART.** Attorney shall produce Bates nos. to the Government by May 15, 2002.